******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ROBINSON, C. J., dissenting. I respectfully disagree with the majority's conclusion that the trial court did not abuse its discretion in granting the joint motion for additurs filed by the plaintiffs, William Maldonado and Geovanni Hernandez, on the ground that the jury in their negligence action against the defendants, Kelly C. Flannery and Michael T. Flannery, could not reasonably have found that they incurred economic damages for medical expenses for their injuries but no noneconomic damages from those injuries. Instead, I agree with the Appellate Court's conclusion that the jury could have reasonably found that the plaintiffs failed to prove non-economic damages for pain and suffering. *Maldonado* v. *Flannery*, 200 Conn. App. 1, 13, 238 A.3d 127 (2020). Because I would affirm the judgment of the Appellate Court directing the trial court to deny the plaintiffs' motion and to render judgment in accordance with the jury's verdict; see id.; I respectfully dissent.

At the outset, I note my agreements with the facts and procedural history set forth by the majority. See part I of the majority opinion. I also agree with the standard of review stated by the majority pursuant to *Ashmore* v. *Hartford Hospital*, 331 Conn. 777, 781–82, 208 A.3d 256 (2019), and *Wichers* v. *Hatch*, 252 Conn. 174, 181, 745 A.2d 789 (2000), requiring that we review a decision of the trial court to order an additur for an abuse of discretion. See part II B of the majority opinion.

I begin by emphasizing my agreement with the legal principles set forth by the majority's comprehensive review of the law limiting a trial court's authority to set aside a jury verdict. See part II A of the majority opinion. The majority accurately cites our precedents stating that the only cases in which the jury's verdict should be set aside are those in which the verdict is " '*so clearly against the weight of the evidence* in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or [was] governed by ignorance, prejudice, corruption or partiality . . . .' " (Emphasis added.) Id., quoting *Birgel* v. *Heintz*, 163 Conn. 23, 27, 301 A.2d 249 (1972). Further, in *Wichers*, this court described the limit on a trial court's discretion to set aside a verdict: "[I]f there is a reasonable basis in the evidence for the jury's verdict, unless there is a mistake in law or some other valid basis for upsetting the result other than a difference of opinion regarding the conclusions to be drawn from the evidence, *the trial court should let the jury work* [*its*] *will*." (Emphasis added; internal quotation marks omitted.) *Wichers* v. *Hatch*, supra, 252 Conn. 189; see *Saleh* v. *Ribeiro Trucking, LLC*, 303 Conn. 276, 280, 32 A.3d 318 (2011) ("we consistently have held that a court

should exercise its authority to order a remittitur rarely—only in the most exceptional of circumstances"). I add to these principles that it "is axiomatic that [t]he amount of damages awarded is a matter peculiarly within the province of the jury . . . . Moreover, there is no obligation for the jury to find that every injury causes pain, or the amount of pain alleged. . . . Put another way, [i]t is the jury's right to accept some, none or all of the evidence presented. . . . It is the [jury's] exclusive province to weigh the conflicting evidence and to determine the credibility of witnesses. . . . The [jury] can . . . decide what—all, none, or some—of a witness' testimony to accept or reject." (Internal quotation marks omitted.) *Cusano* v. *Lajoie*, 178 Conn. App. 605, 609, 176 A.3d 1228 (2017); see *Munn* v. *Hotchkiss School*, 326 Conn. 540, 579, 165 A.3d 1167 (2017) ("[j]uries may differ widely in the conclusions [that] they reach in what may be apparently similar cases, and, in fact, in any given case one jury may arrive at a result substantially different from that of another jury" (internal quotation marks omitted)).

With these principles in mind, I address the majority's conclusion that the trial court did not abuse its discretion by granting the plaintiffs' joint motion for additurs in the present case. The main argument advanced by both the trial court and the majority is that, because the jury's verdict as to economic damages indicates that it credited the plaintiffs' medical bills for a significant number of treatments, with only "slight reductions" to individual chiropractic treatments, and because those procedures were specifically to treat pain rather than for diagnostic or prophylactic purposes, it was, therefore, not reasonable for the jury to determine that the plaintiffs' pain and suffering were not worth more than zero noneconomic damages. See part IV B of the majority opinion. Although this contention might have merit in other cases presenting more severe injuries, it does not in the present case. Specifically, I do not agree that it was unreasonable for the jury not to have come to the same conclusion as the trial court that "[b]oth the inherent underlying symptoms . . . as well as the treatments themselves, all bespeak a level of physical pain suffered" by the plaintiffs. Put differently, the trial court's conclusion, which is embraced by the majority, incorrectly suggests that the jury had no choice but to conclude that the plaintiffs experienced compensable pain and suffering, given the injuries and the treatments that formed the basis for its award of economic damages.

In my view, the majority's conclusion to uphold the additur ordered by the trial court departs from the "assumption" that underlies our analysis, namely, "that . . . the jury did exactly what it intended to do." *Wichers* v. *Hatch*, supra, 252 Conn. 189. Thus, on review, we must determine whether it was reasonable for the jury to find that the plaintiffs did not experience com-

pensable pain and suffering as a result of the injuries and the treatments that the jury found the plaintiffs had experienced. The trial court's decision to set aside the jury's verdict means it determined that it was unreasonable for the jury to make that finding. See id., 188–89 ("the trial court should examine the evidence *to decide whether the jury reasonably could have found* that the plaintiff had failed in his proof of the issue" (emphasis added)). I fail to see, and the trial court failed to articulate, why it was unreasonable for the jury not to have determined that the symptoms and the treatments at issue in the present case "all bespeak a level of physical pain suffered," for which the plaintiffs must be compensated. Because " 'there is no obligation for the jury to find that every injury causes pain' "; *Cusano* v. *Lajoie*, supra, 178 Conn. App. 609; the jury could have accepted the evidence as to the plaintiffs' injuries, and the evidence that the procedures administered were reasonable and necessary to treat those injuries, yet declined to accept the evidence presented as to the plaintiffs' pain and suffering. I see there to be "room for a reasonable difference of opinion among fair-minded [jurors]" as to whether compensable pain and suffering are inherent in the sprains sustained by the plaintiffs; *Howard* v. *MacDonald*, 270 Conn. 111, 128, 851 A.2d 1142 (2004); and, thus, I respectfully disagree with the trial court's conclusion that the jury's verdict was illogical and inconsistent. Although we do not disturb the trial court's action in the absence of an abuse of its discretion, that discretion to set aside a verdict is limited to the situation in which there is no room for a reasonable difference of opinion; thus, when there is room for a reasonable difference in opinion, the trial court abuses its discretion in setting aside a jury's verdict. See id. ("[t]he right to a jury trial is fundamental in our judicial system, and this court has said that the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded [jurors] passed [on] by the jury and not by the court"); see also *Seals* v. *Hickey*, 186 Conn. 337, 349, 441 A.2d 604 (1982) ("[t]he defendant has a constitutional right [to] trial by jury under article first, § 19, of the Connecticut constitution, adopted in 1965, which declares '[t]he right of trial by jury shall remain inviolate' " (footnote omitted)); see, e.g., *Munn* v. *Hotchkiss School*, supra, 326 Conn. 575 ("Litigants have a constitutional right to have factual issues resolved by the jury. . . . This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded." (Internal quotation marks omitted.)); *Howard* v. *MacDonald*, supra, 128 ("[because], *in setting aside the verdict, the trial court has deprived the party in whose favor the verdict was rendered of his constitutional*

*right to have factual issues resolved by the jury*, we must examine the evidential basis of the verdict itself to determine whether the trial court abused its discretion" (emphasis added; internal quotation marks omitted)).

A point of comparison discussed by the majority opinion is instructive here. In *Schroeder* v. *Triangulum Associates*, 259 Conn. 325, 332, 789 A.2d 459 (2002), this court determined that "[i]t is not reasonable for the jury to have found the defendant liable for the expense of the spinal fusion surgery, but not liable for the pain and permanent disability necessarily attendant to such intrusive surgery." Thus, it was unreasonable not to infer from the spinal fusion surgery at issue in *Schroeder* that the plaintiff in that case experienced pain and suffering. The majority opinion frames *Schroeder* as an extreme that does not provide a formula for determining what other cases warrant the same conclusion. See part III of the majority opinion. I disagree. In my view, an injury requiring spinal fusion surgery is not an extreme case but, instead, is an illustrative example of severe injuries requiring intensive treatments for which it is simply unreasonable for a jury not to assume that compensable pain was attendant. Although I certainly do not suggest that injuries that are treated with chiropractic care, the application of hot and cold packs, electrical muscle stimulation, and a single epidural steroid injection, may never be serious enough to cause compensable pain and suffering, they nevertheless are a far cry from those injuries for which the existence of compensable pain and suffering *must* be presumed.[1] If the existence of compensable pain and suffering must be presumed, as a matter of law, from the treatments in this case, I do not see many injuries or treatments remaining for which compensable pain and suffering would not have to be presumed as a matter of law.

The majority's determination that the trial court was reasonable in concluding that the inherent purpose of the medical procedures credited by the jury was to treat pain and, thus, that compensable pain and suffering must be assumed, is a marked retreat from *Wichers* and its statement of our law that "the conclusion of a jury, if one at which honest [jurors] acting fairly and intelligently might arrive reasonably, must stand, even though the opinion of the trial court and this court be that a different result should have been reached." (Internal quotation marks omitted.) *Wichers* v. *Hatch*, supra, 252 Conn. 189. We could be entirely convinced, as the trial court was, that pain and suffering were inherent in the plaintiffs' injuries, and we would still be required to hold that it was improper to set aside the jury's verdict because the court's duty is not to "merely substitute its own judgment for that of the jury . . . ." *Saleh* v. *Ribeiro Trucking, LLC*, supra, 303 Conn. 284. The trial court's duty to set aside a jury verdict is prompted by a "verdict [that] so shocks the sense of justice as to compel the conclusion that the

jury [was] influenced by partiality, prejudice, mistake or corruption . . . a very clear and striking case of indubitable wrong, so clear and striking as to indicate the influence of undue sympathy, prejudice or corruption on the verdict." (Citation omitted; internal quotation marks omitted.) *Munn* v. *Hotchkiss School,* supra, 326 Conn. 576. A jury determining that the injuries and treatments at issue in this case do not "bespeak a level of physical pain suffered" cannot be the striking, indubitable wrong this court contemplated in *Munn.* Accordingly, I would conclude that the trial court abused its discretion in setting aside the jury's verdict.

Based on the trial court's obligation to view the evidence in the light most favorable to sustaining the jury's verdict, and my hesitation to conclude that compensable pain and suffering must be assumed as a matter of law from the plaintiffs' sprains and the procedures used to treat those injuries, I disagree with the majority's conclusion that "the factual record in the present case contains no reasonable basis in the evidence for the jury's [split] verdict . . . ." (Citation omitted; internal quotation marks omitted.) Part IV B of the majority opinion. Instead, I agree with the Appellate Court's conclusion that the trial court abused its discretion in granting the plaintiffs' joint motion for additurs.

Because I would affirm the judgment of the Appellate Court, I respectfully dissent.

[1] The trial court's articulation also presumes that all pain associated with a compensable injury is compensable pain, that all pain, as a matter of law, can be equated to damages for which plaintiffs must be compensated. The only authority cited in the majority opinion that could support this contention is a pattern jury instruction that provides in relevant part: " 'A plaintiff who is injured by the negligence of another is entitled to be compensated for *all physical pain and suffering,* mental and emotional suffering, loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function that (he/she) proves by a fair preponderance of the evidence to have been proximately caused by the defendant's negligence. . . . .' " (Emphasis added.) Footnote 14 of the majority opinion, quoting Connecticut Civil Jury Instructions 3.4-1, available at https://jud.ct.gov/JI/Civil/Civil.pdf (last visited April 26, 2022). I do not view this model jury instruction as a conclusive statement of Connecticut law on this point. Although there is an absence of guidance as to what renders pain and suffering compensable as a matter of law, there is no authority in our jurisprudence for the proposition that a jury is required to find that *any* instance of pain and suffering, no matter how brief or innocuous, is a damage suffered for which the plaintiff must be compensated. Indeed, case law from our Appellate Court stands for the contrary. See *Micalizzi* v. *Stewart,* 181 Conn. App. 671, 684–85, 188 A.3d 159 (2018) ("[T]he fact that the jury awarded economic damages for medical treatment, *including treatment for pain,* does not necessarily mean that it must award damages for pain itself. . . . [I]t may be reasonable for a jury to conclude that although a plaintiff suffered an injury caused by a defendant and incurred reasonable and necessary medical expenses in treating that injury, that plaintiff nevertheless did not suffer compensable pain and suffering." (Emphasis altered.)); *Cusano* v. *Lajoie,* supra, 178 Conn. App. 611 ("the court seems to assume that because the plaintiff sought *medical treatment for pain* in his upper back and neck, and was awarded the full amount of the cost of that treatment, the plaintiff inevitably experienced *compensable pain and suffering*" (emphasis added)); see also *Boggavarapu* v. *Ponist,* 518 Pa. 162, 167, 542 A.2d 516 (1988) ("*A jury is not compelled to believe that a dog bite or puncture by a needle causes compensable pain. They may believe that it is a transient rub of life and living, a momentary stab of fear and pain, or neither.*" (Emphasis added.)).